O’Neill, J.
The facts are not in dispute.
In its annual corporation franchise tax report for the year 1960 (form F-l), Spicer Furniture Company filled in a portion of the form designated “Schedule 3. Net worth,” as follows:
*452 “1. Total issued and outstanding stock (include treasury stock) and membership fees.....$ 25,000.00
2. Surplus (earned — paid in — capital) undivided profits or deficit and patronage refunds ............................... 98,907.90
3. Reserves (schedule 2 — line 8)
4. Total net worth ....................... 123,907.90
5. Less exempted assets
6. Net value of stock
7. Amount of fee (three tenths of one % of line 6 — minimum fee $50.00) ........... 371.72.”
Upon audit of this franchise tax return and upon inspection of the corporation’s balance sheet as of December 31, 1959, which balance sheet was filed by the corporation with its Ohio personal property tax return for the year 1960, the Tax Commissioner noted an item in the balance sheet under the liability section, as follows:
“Line 111 (c) — Deferred or unearned income * * * ...................................$101,529.70.”
The Tax Commissioner did not accept the corporation’s representation that this $101,530 was a reserve for accounts receivable and concluded that this was not any other valuation reserve with respect to specific assets, and he, therefore, determined that the $101,530 should be added to the corporation’s net worth of $123,908, as reported in its 1960 franchise tax report.
When this was done, it increased the net worth from $123,-908 to $225,438 and the fee from $371.72 to $676.31, or a total additional fee of $304.59.
The corporation is in the business of selling furniture and appliances at retail. Approximately 20% of its sales are for cash and approximately 80% of its sales are installment sales, and the corporation’s gross profit on its sales is approximately 40%.
The figure of $101,530 is listed on the general ledger of the corporation as “unrealized gross profit” and represents the amount of gross profit which will be realized by the corporation from the unpaid balances on installment sales if all installments are paid in full.
*453 It is agreed that the item of $101,530 represents approximately 40% of the total unpaid balances of installment sales on the books of the corporation. The corporation carried this amount on its books as a liability — not as an asset.
It is agreed that the federal income tax is only upon income which has been received, and, therefore, unpaid balances of installment sales are not subject to the federal income tax. However, the Ohio franchise tax is assessed upon the net worth of the corporation.
The question to be decided by this court may then be stated as follows:
Are “unrealized gross profits” on installment sales a valuation reserve, i. e., a liability with respect to the customers’ installment accounts receivable, as claimed by the corporation, or are they to be considered as surplus, undivided profits or some reserve other than a valuation reserve with respect to a specific asset?
In exhibit A, the accounts receivable are listed as of December 31, 1959, at $245,280.14, and exhibits C-2, C-3, C-4, C-5 and C-6 covering the years 1955 through 1959, inclusive, show that the total unrealized gross profit on the accounts receivable is $101,529.70. For the corporation to take the position that no portion of the profit to be realized on its accounts receivable is a part of the net worth of the corporation is untenable.
In oral argument, the corporation asserted that its location made the accounts receivable of the customers who were its patrons less valuable than the accounts receivable owed by patrons of other stores in more wealthy or fashionable neighborhoods. Be that as it may, the accounts are of some value.
On the other hand, the position of the Tax Commissioner that the total of unrealized gross profit should be counted as a net worth is likewise an untenable position. To simply pick up this item in a cursory audit and, without further examination of the books or records of the corporation, to add it to the value of the corporation appears arbitrary.
Upon the installment accounts receivable, the corporation is entitled to a reserve for bad debts. On the other hand, the corporation is not entitled to remove from its inventory the items sold under installment sales contracts and not add any *454 portion of the profits to he realized on the unpaid balances of these installment sales contracts to the net worth of the corporation.
The decision is reversed and the cause is remanded to the Board of Tax Appeals, with instructions to remand the cause to the Tax Commissioner for appropriate proceedings to determine, under proper accounting practice, that portion of the unrealized gross profit which should be added to the assets of the corporation.

Decision reversed.

Taft, C. J., Zimmerman, Matthias, Griffith, Herbert and Gibson, JJ., concur.